UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 09-23476-CIV-Seitz/O'Sullivan

THE HERTZ CORPORATION,
HERTZ SYSTEM, INC. and
HERTZ EQUIPMENT RENTAL CORPORATION,

Plaintiffs,

v.

HERTZ AUTO TRANSPORT, INC. a/k/a HERTZ AUTO TRANSPORT and HERTS AUTO TRANSPORT and NIXON GARY a/k/a NIXON R. GARY, NIXON RAFAEL GARY and GARY, NIXON,

Defendants.

## DEFAULT FINAL JUDGMENT GRANTING PERMANENT INJUNCTIVE RELIEF, STATUTORY DAMAGES, ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT HERTZ AUTO TRANSPORT INC.

This action came before the Court after entry of default on February 16, 2010, against Defendant Hertz Auto Transport, Inc., on Plaintiffs' Motion for Default Judgment, and the Court having considered the Plaintiffs' motion, the supporting Declarations, the pleadings and other filings in the record, and being otherwise fully advised in the premises, and for good cause shown, it is ORDERED and ADJUDGED as follows:

1.  Plaintiffs filed this action against the Defendants seeking damages and injunctive relief under the Lanham Act, Florida law and common law regarding Defendants' violation of the Plaintiffs' trademark rights. On February 16, 2010, this Court entered a default against the Defendant Hertz Auto Transport, Inc.

2. Plaintiffs' motion for default judgment against Defendant Hertz Auto Transport, Inc. seeks the entry of a permanent injunction against the Defendant; statutory damages pursuant to 15 U.S.C. §1117(d) and 1125(d) regarding Defendant's cyberpiracy and trademark infringement; and an award of attorney's fees and costs.

3. The Court may enter this relief without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed. Dunkin' Donuts Inc. v. Kashi Enter., Inc., 119 F.Supp.2d 1363 (N.D. Ga. 2000). By defaulting, the Defendant has admitted the Plaintiffs' well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987); Pepsico, Inc. v. Distribuidora La Matagalpa, Inc., 2007 WL 1655436 (S.D. Fla. 2007).

4. The Plaintiffs have set forth well-pleaded allegations in its Amended Complaint establishing the Defendants willful infringement of Plaintiffs' trademarks, false designation of origin, trademark dilution and cyberpiracy as well as unfair competition under the Lanham Act. The Plaintiffs have also set forth well-pleaded allegations in the Amended Complaint regarding Defendant's breach of Florida common law unfair competition, Florida statutory trademark dilution and violation of Florida's Deceptive and Unfair Trade Practices Act. Plaintiffs have filed the Declarations of Kenneth B. Seavey, Adam J. Lamb, Esq., and Martin J. Beran, Esq. of Geri L. Mankoff, Esq. in connection with their motion.

Based upon the foregoing, in accordance with the case law and statutes cited in Plaintiffs' motion, it is ORDERED and ADJUDGED as follows:

1. Final Judgment by Default is entered against Defendant Hertz Auto Transport, Inc. with respect to Plaintiffs' causes of action for federal trademark infringement pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114, federal trade name infringement and false

designations of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), federal trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125 (c), federal cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125 (d), unfair competition under the common law of the State of Florida, trademark dilution in violation of Chapter 495 of the Florida Statutes, Fla. Stat. §§ 495-151 and deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* as set forth in Counts I-VII of the Amended Complaint in this civil action;

2. Defendant Hertz Auto Transport, Inc. and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it including but not limited to Defendant Nixon Gary are permanently enjoined from using the designations HERTZ and/or HERTS, either alone or in combination with other designation(s), including but not limited to the designations HERTZ AUTO TRANSPORT and/or HERTS AUTO TRANSPORT, and any other designations which are confusingly similar to Plaintiffs' trade name and service mark HERTZ and/or any of Plaintiffs' Family of HERTZ Marks as referred to in the Amended Complaint and/or Plaintiffs' trade name HERTZ and/or any of Plaintiffs' trade names incorporating the designation HERTZ, as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the electronic or non-electronic advertising, promotion, offering for sale, sale and/or rendering of vehicle transport services, vehicle rental or leasing services, vehicle dealership or sales services, equipment rental services and/or any other related goods or services;

3. Defendant Hertz Auto Transport, Inc. and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with it including but not limited to Defendant Nixon Gary are permanently enjoined from engaging in any acts of trademark or service mark infringement and/or using any false designations of origin and/or from committing any acts of federal or state dilution and/or from engaging in any acts of unfair competition or

3

deceptive and unfair trade practices with respect to Plaintiffs' trade name and service mark HERTZ and/or Plaintiffs' Family of HERTZ Marks as referred to in the Amended Complaint and/or Plaintiffs' trade name HERTZ and/or any of Plaintiffs' trade names incorporating the designation HERTZ in connection with the electronic or non-electronic advertising, promotion, offering for sale, sale, and/or rendering of vehicle transport services, vehicle rental or leasing services, vehicle dealership or sales services, equipment rental services and/or any other related goods or services;

4. Defendant Hertz Auto Transport, Inc. and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it including but not limited to Defendant Nixon Gary are permanently enjoined from registering, trafficking in and/or using the domain names hertzautotransport.com and/or hertsautotransport.com and/or any other domain name or other URL which consists of or incorporates Plaintiffs' trade name and service mark HERTZ and/or any of Plaintiffs' Family of HERTZ Marks as referred to in the Amended Complaint and/or Plaintiffs' trade name HERTZ and/or any of Plaintiff's trade names incorporating the designation HERTZ in connection with the electronic or non-electronic advertising, promotion, offering for sale, sale and/or rendering of vehicle transport services, vehicle rental or leasing services, vehicle dealership or sales services, equipment rental services and/or any other related goods or services.

5. Defendant Hertz Auto Transport, Inc. and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it including but not limited to Defendant Nixon Gary are permanently enjoined from using the designations HERTZ and/or HERTS, either alone or in combination with other designation(s), including but not limited to the designations HERTZ AUTO TRANSPORT and/or HERTS AUTO TRANSPORT, and any other designations which are confusingly similar to Plaintiffs' trade name and service mark HERTZ and/or any of Plaintiffs' Family of HERTZ Marks as referred to in the Amended Complaint and/or Plaintiffs' trade name HERTZ and/or any of Plaintiffs' trade names incorporating the designation HERTZ, on or in connection with the publishing, hosting, administration or other

dissemination of any Internet web sites and/or any social network sites including Twitter which are involved in the advertising, promotion, offering for sale, sale and/or rendering of vehicle transport services, vehicle rental or leasing services. Plaintiffs are authorized to immediately contact and direct any Registrar, host, service provider or other person or entity assisting Defendants in the publishing, hosting, administration or other dissemination of any web sites and/or social network sites which are in violation of the provisions herein to disable and discontinue the publishing, hosting, administration, or other dissemination of any such web sites or social network sites and such Registrars, hosts, service providers or other persons or entities shall immediately comply therewith unless they seek an Order from this Court alleviating their need to comply within seven (7) days of the contact from Plaintiffs.

    6.  Defendant Hertz Auto Transport, Inc. and any of its officers, agents, servants, employees and attorneys and all persons acting in active concert or participation with it shall immediately transfer the domain names hertzautotransport.com and hertsautotransport.com, including ownership rights and any registration therefor, to any of the named Plaintiffs in this civil action. Plaintiffs are authorized to immediately contact and direct any Registrar, Administrator or other person or entity responsible for the ownership, registration or administration of the aforementioned domain names to immediately transfer said domain names to any of the named Plaintiffs in this civil action in accordance with the provisions herein and such Registrars, Administrators or other persons or entities shall immediately comply therewith.

    7.  Any domain names that contain or incorporate Plaintiffs' trade name and service mark HERTZ and/or any of the Plaintiffs' Family of HERTZ Marks as referred to in the Complaint and/or Plaintiffs' trade name HERTZ and/or any of Plaintiffs' trade names incorporating the designation HERTZ which have been or are registered, trafficked in or used by Defendant Hertz Auto Transport, Inc. and any of its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it including but not limited to Defendant Nixon Gary shall be immediately transferred to any of the named Plaintiffs in this civil action. Plaintiffs are authorized to immediately contact and direct any Registrar,

5

Administrator or other person or entity responsible for the ownership, registration or administration of any domains which are in violation of the provisions herein to immediately transfer said domain names to any of the Plaintiffs named in this action and such Registrars, Administrators or other persons or entities shall immediately comply therewith unless they seek an Order from this Court alleviating the need to comply within seven (7) days of receipt of the contact from Plaintiffs.

8. Final Judgment is entered against Defendant Hertz Auto Transport, Inc. and in favor of Plaintiffs for statutory damages pursuant to Sections 35(d) and 43(d) of the Lanham Act, 15 U.S.C. §§ 1117(d) and 1125(d) in the total amount of $200,000.

9. A finding having been made that this civil action constitutes an exceptional case pursuant to Section 35(a) of the Lanham Act, each of the named Plaintiffs in this action are entitled, as the prevailing party, to an award against Defendant Hertz Auto Transport, Inc. for their costs in this action including their reasonable attorneys' fees and the Court retains jurisdiction to hold a hearing, take an accounting or otherwise consider the setting of the amount of Plaintiffs' reasonable attorney's fees and costs to be awarded to Plaintiffs pursuant to this Order.

10. Execution shall issue forthwith on all sums due under this Final Judgment.

11. The Court retains jurisdiction to enforce this Final Judgment and the permanent injunction.

DONE and ORDERED in Chambers in Miami, Florida this 10 day of December, 2010.

PATRICAI A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record